UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAD D. MILLS, | ) | CASE NO. 3:13 CV 1602 |
| Plaintiff, | ) ) | JUDGE JAMES G. CARR |
| v. | ) ) ) | OPINION AND ORDER |
| LUVADA S. WILSON, | ) ) | |
| Defendant. | ) | |

On July 24, 2013, plaintiff *pro se* Shad D. Mills, an inmate at the North Central Correctional Institution, filed this 42 U.S.C. § 1983 action against defendant Erie County Court of Common Pleas Clerk of Court Luvada S. Wilson. Plaintiff alleges in the complaint that defendant refused to file a brief for jail time credit. No specific relief is requested. Plaintiff instead asks this court to "intervene" in the matter. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167, *2 (6th Cir.).

A cause of action fails to state a claim upon which relief my be granted when it lack "plausibility in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all

the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. *Id.* Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankr. Court, Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.* The act of which plaintiff complains – refusing to accept a document for filing – is an integral part of the judicial process and within the subject matter jurisdiction of their courts. *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (citing the Sixth Circuit's decision in *Foster*).[1] The defendant is therefore entitled to absolute immunity.

Further, the complaint does not indicate how plaintiff was harmed by defendant's alleged actions. It is a matter of public record, however, that his motion for jail time credit is reflected as docketed in Erie County Common Pleas Court on December 7, 2012, and that the motion was ruled

---

[1] *See Fish v. Murphy*, 2001WL 1355611 (6th Cir.) (finding the clerk of court was entitled to absolute immunity even though he stamped the wrong date on the document which resulted in the dismissal of an appeal); *Harris v. Suter*, 2001 WL 111586 (6th Cir.) (holding clerk was entitled to absolute immunity for actions associated with filing or failing to file a document); *Burton v. Mortimer*, 2000 WL 876517 (6th Cir.) (finding the denial of free copies of the file and a delay in forwarding the record to the state court of appeals which resulted in an erroneous dismissal for lack of jurisdiction are both quasi-judicial functions which entitle the clerk to absolute immunity); *see also Foster*, *supra*, 864 F.2d at 417 (the act of issuing an order of a judge is a quasi-judicial function entitled to immunity).

upon by the trial court on March 5, 2013. *See State v. Mills*, Erie County Court of Common Pleas No. 2003 CR 0212, http://clerkofcourts.eriecounty.oh.gov/eservices.

For the foregoing reasons, this action is dismissed under § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    S/James G. Carr
JAMES G. CARR
SR. UNITED STATES DISTRICT JUDGE